IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JASON WAYNE HURST,             )
                               )
          Petitioner,          )
                               )
     v.                        )        1:10CV725
                               )
GERALD BRANKER, Warden, Central)
Prison, Raleigh, North Carolina,)
                               )
          Respondent.          )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Petitioner's Motion to Stay and Hold in Abeyance Petitioner's Habeas Corpus Petition (Docket Entry 29). Because Petitioner has not presented a sound basis for such a stay, the Court will deny the instant Motion.

BACKGROUND

Petitioner received a death sentence in the North Carolina Superior Court in Randolph County following his conviction for first-degree murder; the North Carolina Supreme Court thereafter affirmed both that conviction and sentence. See State v. Hurst, 360 N.C. 181, 624 S.E.2d 309 (2006). On June 25, 2007, Petitioner (through counsel) filed a Motion for Appropriate Relief in the state trial court. (Docket Entries 2-1, 3-1.) He amended that motion (again through counsel) on September 19, 2007. (Docket Entry 5-1.) On February 4, 2008, the North Carolina Superior Court in Randolph County denied all but one of the claims in Petitioner's foregoing Motion for Appropriate Relief as amended. (Docket Entry 6-1.) Petitioner (again through counsel) then filed a further amendment to his state collateral challenge on September 16, 2008.

(Docket Entry 6-2.)  By order dated December 16, 2008, the state trial court denied all of Petitioner's remaining collateral claims. (Docket Entry 6-3.)  Petitioner sought further review in the North Carolina Supreme Court by petition dated June 22, 2009, which that court denied by order dated June 16, 2010.  See State v. Hurst, 364 N.C. 244, 698 S.E.2d 664 (2010).

On August 11, 2009, during the pendency of Petitioner's request for collateral review in the North Carolina Supreme Court, the State of North Carolina enacted the Racial Justice Act ("RJA"). See N.C. Gen. Stat. §§ 15A-2010 et seq.  After the North Carolina Supreme Court denied further review of his above-referenced (twice-amended) Motion for Appropriate Relief, Petitioner filed a new Motion for Appropriate Relief to assert claims under the RJA in the North Carolina Superior Court in Randolph County on August 10, 2010. (See Docket Entry 30 at 3.)  On September 20, 2010, prior to any action by the state trial court on his RJA-based Motion for Appropriate Relief (see id.), Petitioner (through counsel) commenced the instant federal case by filing a Petition under 28 U.S.C. § 2254 challenging his conviction and sentence (Docket Entry 1).  Respondent answered and moved for summary judgment. (Docket Entries 16, 17.)  Petitioner responded to Respondent's summary judgment motion and filed the instant Motion seeking a stay of this case.  (Docket Entries 22-24, 29.)

## DISCUSSION

Petitioner has requested a stay of the instant federal case while he litigates his claim(s) under the RJA in the state courts

of North Carolina. In his brief in support of that request, Petitioner made two general arguments:

1) if he succeeds on his RJA claim(s) in state court, his challenges to his <u>sentence</u> in the instant federal case will become moot and thus principles of comity warrant a stay (Docket Entry 30 at 4); and

2) "if this Court declines to grant a stay and abeyance and moves forward prior to the resolution of the RJA motion, the Petitioner may lose his opportunity for federal review of any unexhausted <u>evidence</u>" (<u>id.</u> at 5 (emphasis added)).

As support for his first argument, Petitioner cites the principle from <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971), that "'the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" (Docket Entry 30 at 4-5.) "<u>Younger</u> abstention is a doctrine requiring federal courts to refrain from <u>interfering</u> with ongoing state judicial proceedings that implicate important state interests." <u>Life Partners, Inc. v. Morrison</u>, 484 F.3d 284, 300 (4th Cir. 2007) (emphasis added). Petitioner has not alleged, much less shown, how resolution of the instant federal case will "interfer[e]" with his litigation of his RJA claim(s) in the North Carolina state court system. Accordingly, the Court cannot find that <u>Younger</u> requires a stay in this case.[1]

---

[1] Another district court recently reached the same conclusion. <u>Forte v. Branker</u>, No. 5:09-HC-2054-FL, slip op. at 2-3 (E.D.N.C. Oct. 21, 2009) (unpublished) ("Petitioner, citing to <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971), requests that as a matter of comity the court hold his habeas petition in abeyance [while he litigates a claim under the RJA in state court]. . . . [P]etitioner's pursuit of relief under the [RJA] does not present circumstances

-3-

Petitioner also quotes Rhines v. Weber, 544 U.S. 269, 273-74 (2005), for the proposition that "'one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation have had an opportunity to pass upon the matter.'" (Docket Entry 30 at 4.) This argument, however, presupposes that this Court eventually will evaluate the RJA claim(s) that Petitioner has raised in state court, a presupposition for which Petitioner's brief provides no support. (See id.) In fact, as Respondent has noted (see Docket Entry 34 at 2), because the RJA affords Petitioner rights under North Carolina law, "[t]he state court's resolution of [his] RJA claim will not be cognizable in federal court. Thus, if the state court rejects [his] RJA claim, he cannot seek federal review of that state-law question in this proceeding." Harden v. Branker, No. 3:06CV248, 2011 WL 1103801, at *2 (W.D.N.C. Mar. 23, 2011) (unpublished) (internal citations omitted) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), in declining to hold federal habeas action in abeyance pending exhaustion of petitioner's RJA claim in state court); see also Kandies v. Branker, No. 1:99CV764, 2011 WL 1328860, at *13 n.5 (M.D.N.C. Apr. 5, 2011) (agreeing that this Court "is not the proper forum for a claim under the RJA").

---

under which stay and abeyance of the habeas petition is warranted. . . . This court's consideration of petitioner's habeas petition has no bearing upon, and will in no way infringe upon, the state courts' future consideration of any motion petitioner may file under the [RJA].").

-4-

Nor does any possible conservation of this Court's resources that might arise if Petitioner prevails on an RJA claim in state court warrant the granting of a stay on more general prudential grounds (apart from the specific bases for abstention and abeyance identified in <u>Younger</u> and <u>Rhines</u>, respectively). Petitioner's claim(s) under the RJA relate only to the validity of his <u>sentence</u> and thus this Court still will have to review the portions of the instant Petition that challenge Petitioner's <u>conviction</u>, regardless of the outcome of the RJA-related proceedings in state court. Moreover, "[s]taying a federal habeas petition frustrates [the Antiterrorism and Effective Death Penalty Act of 1996's] objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." <u>Rhines</u>, 544 U.S. at 277. The <u>certain</u> cost to this statutorily-enshrined interest in prompt completion of federal review that would result from a stay outweighs the <u>contingent</u>, marginal benefit in reduced expenditure of federal judicial resources that would flow from a stay. <u>See generally</u> <u>Forte v. Branker</u>, No. 5:09-HC-2054-FL, slip op. at 2-3 (E.D.N.C. Oct. 21, 2009) (unpublished) ("[B]ecause a stay and abeyance has the potential to frustrate the objectives of [the Antiterrorism and Effective Death Penalty Act of 1996], 'stay and abeyance should be available only in limited circumstances.' . . . [I]nsofar as petitioner generally argues a stay should be granted because relief under the [RJA] will moot his request for relief from his death sentences in his habeas petition, the court finds

this to be an inadequate basis to stay his habeas petition." (quoting Rhines, 544 U.S. at 276)).

Petitioner's second ground for a stay, i.e., that, "if this Court . . . moves forward prior to the resolution of the RJA motion, [he] may lose his opportunity for federal review of any unexhausted evidence" (Docket Entry 30 at 5 (emphasis added)), similarly lacks merit. Indeed, the flaw in Petitioner's foregoing argument appears on the very face of his brief, in which he contends "that a stay is justified when a petitioner 'runs the risk of forever losing his opportunity for any federal review of his unexhausted claims'" (id. (quoting Rhines, 544 U.S. at 275) (emphasis added) (internal brackets omitted)). Simply put, Petitioner's own quotation from Rhines reflects that the United States Supreme Court endorsed a stay of federal habeas proceedings only to allow a petitioner to exhaust "claims" (not "evidence") in state court to avoid forfeiting the opportunity to present such "claims" (not "evidence") in federal court.

For reasons noted above, see supra, pp. 4-5, Petitioner has no right to federal review of his RJA "claims" (and thus he faces no risk of forfeiting federal review of said claims). The language from Rhines on which Petitioner relies thus does not support a stay in this case. Moreover, Petitioner's brief cited no authority that a federal court must stay consideration of a habeas petition to allow completion of state proceedings as to state claims, so that a petitioner later may utilize "evidence" gathered in such state proceedings to litigate federal claims in federal court. (See

Docket Entry 30 at 5.)  Nor has the undersigned United States Magistrate Judge located any such authority.  Without such authority and in the absence of circumstances as to which the Supreme Court approved a stay in Rhines, the Court declines to stay proceedings in this case.  See generally Rhines, 544 U.S. at 276 (holding that "stay and abeyance should be available only in limited circumstances").[2]

## CONCLUSION

Petitioner has failed to show that this Court should defer consideration of his instant Petition until after he completes litigation in state court of his claims under the RJA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Stay and Hold in Abeyance Petitioner's Habeas Corpus Petition (Docket Entry 29) is **DENIED**.

>    /s/ L. Patrick Auld
>    **L. Patrick Auld**
>    **United States Magistrate Judge**

May 18, 2011

---

[2] In his reply brief, Petitioner argues for the first time that his RJA-based Motion for Appropriate Relief "raises federal constitutional claims under the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution . . . [and thus that his] RJA claims are cognizable in federal court in that they raise federal constitutional claims."  (Docket Entry 40 at 2.)  Petitioner's reply brief offers no explanation for his failure to present this argument in his initial brief.  (See id.)  Nor has Petitioner explained why he failed to assert any such federal constitutional claims in his instant Petition.  (See id.)  In the absence of any such explanations, the Court finds no basis to stay this case while Petitioner litigates his RJA claim(s) in state court.  The Court similarly finds unpersuasive Petitioner's contention that the instant federal case should not proceed because "[t]here is also a possibility that the state court's adjudication of [his] RJA claims could give rise to a federal due process claim."  (Id. at 2.)  This Court will not delay adjudication of this case based on an assumption that another court will violate the Constitution.