IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JASON WAYNE HURST,              )
                                )
        Petitioner,              )
                                )
        v.                       )       1:10cv725
                                )
EDWARD THOMAS,[1] Warden, Central )
Prison, Raleigh, North Carolina, )
                                )
        Respondent.              )

## MEMORANDUM ORDER

On September 10, 2018, the United States Magistrate Judge entered a Memorandum Opinion and Order (Doc. 118) denying Petitioner's Motion for Appointment of "Martinez Counsel" (Doc. 112), which sought appointment of counsel to investigate (and raise in an amended habeas corpus petition) any potential claims not raised in Petitioner's prior post-conviction proceedings. Petitioner filed objections (Doc. 119) to the Magistrate Judge's Order.

The court must "modify or set aside any part of the [Magistrate Judge's O]rder that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The court has appropriately reviewed Petitioner's objections and finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law, except

---

[1] Thomas is the present Warden of North Carolina's Central Prison and has been substituted as Respondent.

as to the statute of limitations issue. The court therefore affirms the Magistrate Judge's Order, except as to the statute of limitations issue.

In Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 9. Where a federal habeas petitioner sentenced to death in state court is appointed the same counsel (pursuant to 18 U.S.C. § 3599(a)(2)) as the petitioner had at his initial-review collateral proceedings, however, a "clear conflict of interest" arises. Juniper v. Davis, 737 F.3d 288, 289 (4th Cir. 2013) (quoting Gray v. Pearson, 526 F. App'x 331, 334 (4th Cir. 2013) (unpublished)). That is because such a situation would appear to obligate "[petitioner's] counsel to identify and investigate potential errors that they themselves may have made in failing to uncover ineffectiveness of trial counsel while they represented [petitioner] in his state post-conviction proceedings." Id. at 289-90 (alterations in original) (quoting Gray, 526 F. App'x at 334). As a result, the Fourth Circuit has held that:

> [I]f a federal habeas petitioner is represented by the same counsel as in state habeas proceedings, and the petitioner requests independent counsel in order to investigate and pursue claims under Martinez in a state where the petitioner may only raise ineffective assistance claims in an "initial review collateral

2

proceeding,"[2] qualified and independent counsel is ethically required.

Id. at 290 (footnote added).

During the original pendency of Petitioner's federal habeas petition, filed in September 2010, Petitioner was represented by the same counsel who handled his North Carolina initial review collateral proceeding: Robert H. Hale, Jr. and Daniel J. Dolan. (Docs. 1, 10.) Although Martinez was decided in March 2012 and the court did not rule on Petitioner's habeas petition until March 2013, Petitioner did not request independent counsel. In March 2013, the court entered summary judgment against Petitioner on all thirteen of his claims, but granted a certificate of appealability with respect to one — a juror misconduct claim. (Doc. 67.) The Fourth Circuit reversed on the juror misconduct claim and "remand[ed] for an evidentiary hearing to determine whether the [misconduct] had a substantial and injurious effect or influence on the jury's verdict." (Doc. 79 at 2.) In November 2015, after the Supreme Court denied certiorari, the case was referred back to the Magistrate Judge to carry out the Fourth Circuit's mandate. In December 2015, Elizabeth Hambourger was appointed as second

---

[2] The Fourth Circuit has found that North Carolina — although "not fall[ing] neatly within" this category — ultimately qualifies as such a state. See Fowler v. Joyner, 753 F.3d 446, 462-63 (4th Cir. 2014).

3

counsel[3] for Petitioner. (Doc. 95.) In October 2017, Hambourger filed the instant "Motion for Appointment of 'Martinez Counsel.'" (Doc. 112.) The Magistrate Judge denied the motion as barred by the mandate rule, as moot and/or untimely, and as futile in light of the statute of limitations. (Doc. 118.) Petitioner now objects.

Petitioner first argues that the mandate rule does not apply here because the Martinez issue was not "expressly or impliedly decided," United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993), by the Fourth Circuit. (Doc. 119 at 5.) "But the mandate rule forecloses litigation of issues forgone on appeal or otherwise waived, for example because they were not raised in the district court." United States v. Pileggi, 703 F.3d 675, 679 (4th Cir. 2013) (internal quotation marks, emphasis, and ellipsis omitted). Parties are "not permitted to 'use the accident of a remand to raise an issue that [they] could just as well have raised in the first appeal.'" Id. at 680 (ellipsis omitted) (quoting United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996)). Since Petitioner did not request independent counsel prior to this court entering final judgment, and since the Fourth Circuit only remanded the case for further consideration of Petitioner's juror

---

[3] The court had previously granted Dolan's motion to withdraw as Petitioner's counsel. Hale continued to represent Petitioner alongside Hambourger. (Doc. 112 ¶¶ 3–4.)

4

misconduct claim, allowing an appointment of independent counsel to pursue Martinez claims would permit Petitioner to use the "accident of a remand" to pursue claims he could have pursued prior to the court's final judgment. This runs afoul of the mandate rule. See Barnes v. Thomas, No. 1:08cv271, 2018 WL 3659016, at *9 (M.D.N.C. Aug. 2, 2018), appeal docketed, No. 18-5 (4th Cir. Sept. 4, 2018) ("To the extent Barnes's motion for new counsel is predicated on a desire to pursue a claim pursuant to Martinez, such a claim is futile because it exceeds the scope of the Fourth Circuit's remand in this case.").

Petitioner responds that he was not "in a position to request" independent counsel during the original pendency of his habeas case because he was not then represented by conflict-free counsel. (Doc. 119 at 6.) But while Dolan and Hale were certainly conflicted as to actually investigating or bringing Martinez claims themselves, there is no reason they or Petitioner could not have requested appointment of independent counsel to pursue such claims during the year-long period between the Supreme Court's decision in Martinez and the court's entry of summary judgment in this case. This is precisely the course of action taken by the petitioner in Juniper. See Fowler v. Joyner, 753 F.3d 446, 465 (4th Cir. 2014) ("Juniper's counsel was qualified, but not independent, and therefore Juniper was in a position to argue that

his appointed counsel operated under a conflict of interest entitling him to new counsel under [18 U.S.C.] § 3599.").

The Fourth Circuit has been clear that petitioners are only entitled to independent counsel "upon request," id. at 463, and therefore Petitioner's argument — that he was unable to request independent counsel previously because he did not already have independent counsel at that time — is unpersuasive. Where a petitioner already has independent counsel, he has no need to request it. Where a petitioner does not have independent counsel, he is entitled to such counsel only if he requests it. See id.; see also id. at 466 (declining to remand for a Martinez investigation because "petitioner's motion for new counsel in light of Martinez[] should have been made in the first instance to the district court"). Because Petitioner failed to request independent counsel to investigate potential Martinez claims prior to the Fourth Circuit's limited mandate in this case, his request is now barred by the mandate rule.[4]

---

[4] Petitioner cites two cases for the proposition that Martinez counsel may be appointed post-remand, but both are readily distinguishable. In Morgan v. Lassiter, No. 12-6, ECF No. 19 (4th Cir. June 26, 2014) (unpublished order), the Fourth Circuit itself "appoint[ed] Martinez counsel" and then expressly "remand[ed] the case to the district court to permit Martinez counsel to investigate and file any additional claims in the district court." Morgan, No. 12-6, at 1. Morgan therefore has no bearing on whether the mandate rule precludes Martinez claims in a case where the Fourth Circuit did not remand for the purpose of pursuing Martinez claims. In the second case, Parker v. Joyner, No. 5:03-HC-966-H, 2014 WL 6630108 (E.D.N.C. Nov. 21, 2014), Martinez was not decided until years after the original final judgment and a Fourth Circuit remand

6

Petitioner also argues that the Magistrate Judge erred in his alternative finding that — even if the mandate rule did not apply — Petitioner's request for independent counsel is both moot and untimely. As the Magistrate Judge points out, Petitioner has already been appointed independent counsel in the form of Elizabeth Hambourger, who represented Petitioner for 22 months post-remand before belatedly raising the Martinez issue in the instant motion. Petitioner's suggestion that Hambourger or other independent counsel should be now "appointed as 'Martinez counsel'" (Doc. 112 at 2) evinces a misunderstanding of what so-called "Martinez counsel" constitutes. As the Fourth Circuit noted in Fowler v. Joyner, 753 F.3d 446 (4th Cir. 2014), "there is no magic to the term 'Martinez counsel,' which does not appear in Juniper." Id. at 465. Thus, where (as here) a petitioner already has "independent and conflict-free" counsel, there is no need for a "special designation of 'Martinez counsel.'" Id.

In response, Petitioner argues that Hambourger needs this sort of special designation because she "had no assurance of being paid" for Martinez work "given the circumstances of her appointment and the current posture of the case," and that she was told by

---

on an unrelated issue. The circumstances of Parker do not show a petitioner using "a remand to raise an issue that [he] could just as well have raised in the first appeal," Pileggi, 703 F.3d at 680 (ellipsis omitted) (quoting Parker, 101 F.3d at 528), since the petitioner could not have raised a Martinez issue before Martinez was decided.

7

"the Fourth Circuit's budgeting attorney . . . that she would not be." (Doc. 119 at 12; Doc. 114 at 2). As the Magistrate Judge points out, however, nothing in Hambourger's appointment limited the scope of her compensable representation of Petitioner.[5] (Doc. 95.) Furthermore, even if the court accepted Petitioner's argument that Hambourger (or any other attorney) needs special designation as "Martinez counsel" before pursuing any Martinez claims, Petitioner's 22-month delay renders his request untimely. The Martinez Court went to great pains to explain that it was recognizing an "equitable" — not a "constitutional" — exception to procedural default, 566 U.S. at 16, and Petitioner admits that "[i]n considering the availability of equitable relief," the court should consider "the amount of time that has passed." (Doc. 119 at 11.); see also Rhines v. Young, No. 5:00-CV-05020-KES, 2015 WL 4651090, at *8 (D.S.D. Aug. 5, 2015) (denying a petitioner's request for a stay to investigate possible Martinez claims on the

---

[5] Petitioner's objections are notably in tension with one another. As to the mandate issue, he argues that the Fourth Circuit's remand does not limit his ability to pursue Martinez claims. As to the timeliness issue, he argues that Hambourger has been somehow limited in her compensable representation to the issue on remand, despite no indication from this court that her appointment "to assist in [Petitioner's] representation in this case" was so limited. (Doc. 95.) If Petitioner were correct that there is no impediment to his raising Martinez claims post-remand, it is difficult to understand why his already-appointed § 3599 counsel should not be paid for work pursuant to those claims. And if, as Petitioner also argues, Hambourger's compensable representation has thus far been limited to the issue on remand, it is because the Fourth Circuit's mandate has limited the remainder of this case to resolution of Petitioner's juror misconduct claim.

8

alternative ground that he "did not seek leave to conduct the investigation sought by his pending motion for . . . 15 months" after habeas proceedings recommenced).

Petitioner has not explained why it took him nearly two years after appointment of independent counsel (and over five years since Martinez was decided) to raise a claim for Martinez counsel, and as the Magistrate Judge reasons: If Hambourger became aware of the alleged payment issue early on in her representation, "an unreasonable delay then followed before the filing of the instant Motion." (Doc. 118 at 16 n.11.) And if she became aware of the alleged payment issue only recently, "an unreasonable delay already had occurred." (Id.); see also Fowler, 753 F.3d at 463 (finding that the petitioner "had ample opportunity to pursue any Martinez-based arguments" when he had independent counsel post-Martinez for a year, and declining to remand for investigation of Martinez issues because, inter alia, "[n]o explanation for this delay has been offered").[6]

---

[6] Petitioner argues that the Fowler court only meant to say that "the petitioner should have requested Martinez counsel in district court" and that he is therefore abiding by Fowler's holding by requesting independent counsel in this court. (Doc. 119 at 10.) But Fowler's repeated references to "delay" and the "substantial period of time" during which the petitioner failed to "timely ma[ke]" a Martinez argument, Fowler, 753 F.3d at 464–66, reveal that the undue passage of time is relevant to whether the court should approve a late-blooming attempt to investigate Martinez claims. Further, Fowler expressly disapproves of attempts to raise Martinez claims at the district court level after an appeal of the district court's final judgment:

9

Petitioner's only argument in response is that the court should disregard the passage of time because "[t]here is no prejudice here" to Respondent given the pendency of Petitioner's jury misconduct claim. This argument is unconvincing. This case has been pending in this court for over eight years, and the additional investigation and possible inclusion of more claims — as opposed to the court's resolution of the single claim remanded by the Fourth Circuit — would undoubtedly create further delay and consume further resources.

Finally, Petitioner argues that the Magistrate Judge erred by holding that — even if the mandate rule and the mootness and/or untimeliness of Petitioner's motion did not bar designation (more accurately, re-designation) of independent counsel, that such designation would be denied for futility because the one-year statute of limitations period for federal habeas claims has already run. See 28 U.S.C. § 2244(d)(1). Since the statute of limitations is an affirmative defense, the burden normally rests with the respondent to raise it. See Rules Governing Section 2254 Cases in

---

> Juniper did not grant a federal habeas petitioner and his independent counsel any right, on appeal, to return to the district court and conduct additional Martinez investigations or to otherwise vary our normal rule that arguments such as these, including a petitioner's motion for new counsel in light of Martinez, should have been made in the first instance to the district court.

Id. at 466 (emphasis omitted).

the United States District Courts 5(b) ("The answer . . . must state whether any claim in the petition is barred by . . . a statute of limitations."). In Day v. McDonough, 547 U.S. 198 (2006), the Supreme Court held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Id. at 209. But the Supreme Court cautioned district courts that "[i]t would be an abuse of discretion . . . for a court to override a State's deliberate waiver of a limitations defense." Wood v. Milyard, 566 U.S. 463, 472–73 (2012). Instead:

> Only where the State does not "strategically withh[o]ld the [limitations] defense or cho[o]se to relinquish it," and where the petitioner is accorded a fair opportunity to present his position, may a district court consider the defense on its own initiative and "'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred."

Id. at 472 (alterations in original) (quoting Day, 547 U.S. at 210–11).

In the instant case, Respondent did not raise a limitations defense in response to Petitioner's Martinez motion (Doc. 113), nor did it respond to Petitioner's objections to the Magistrate Judge's findings. As a result, in order to deny Petitioner's motion on the basis of the statute of limitations, the court would have to determine that Respondent's failure to raise a limitations defense was accidental, rather than purposeful. Although the court

11

is hard-pressed to imagine a compelling "strategic[]" reason that would have caused Respondent to forego a limitations defense yet still vigorously oppose Petitioner's motion,[7] there is no indication that Respondents committed any "inadvertent error" in failing to raise it. Day, 547 U.S. at 211. Unlike in Day, where Respondent clearly "miscalculated" the untolled time as 352 days instead of the actual 388 days, causing it to unintentionally overlook a limitations defense, id. at 201–02, here it has been the better part of a decade since the limitations period ended. (Doc. 118 at 19.) Moreover, despite having an opportunity to respond to Petitioner's assertion in his objections to the Magistrate Judge's findings that Respondent "made a deliberate decision not to" invoke the limitations defense, Respondent did not so respond. As a result, the court declines to find that Respondent's failure to raise the statute of limitations was solely the result of mistake or oversight. To the extent the statute of limitations was indicated as an alternative ground for denial of Petitioner's motion by the Magistrate Judge, the court does not agree with that portion of the Magistrate Judge's decision. But because the court agrees that Petitioner's motion is barred by the

---

[7] Petitioner theorizes that Respondent may have decided "to abandon the statute of limitations defense due to a recognition of the heightened reliability due capital cases," or because of "the clarity of the Fourth Circuit's jurisprudence with regard to Martinez appointments." (Doc. 119 at 8.)

12

mandate rule and as moot and/or untimely, Petitioner's motion will nevertheless be denied. For all these reasons, therefore,

IT IS ORDERED that Petitioner's objections are sustained in part and overruled in part, and the Magistrate Judge's Memorandum Opinion and Order is AFFIRMED, except to the extent it relies on the statute of limitations.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of "Martinez Counsel" (Doc. 112) is DENIED.

                                         /s/   Thomas D. Schroeder
                                 United States District Judge

January 30, 2019